[Civ. No. 34650. First Dist., Div. Four. Feb. 18, 1975.]

JOHN E. HARTZLER, as Administrator, etc., Plaintiff and Appellant, v. CITY OF SAN JOSE, Defendant and Respondent.

**COUNSEL**

Paul S. Nesse for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel, Charles H. Brock and Ronald M. Whyte for Defendant and Respondent.

## OPINION

**THE COURT:***—This is an appeal from a judgment of dismissal, following the sustaining of defendant's demurrer without leave to amend.

The first amended complaint alleged in substance: On September 4, 1972, plaintiff's decedent, Ruth Bunnell, telephoned the main office of the San Jose Police Department and reported that her estranged husband, Mack Bunnell, had called her, saying that he was coming to her residence to kill her. She requested immediate police aid; the department refused to come to her aid at that time, and asked that she call the department again when Mack Bunnell had arrived.

Approximately 45 minutes later, Mack Bunnell arrived at her home and stabbed her to death. The police did not arrive until 3 a.m., in response to a call of a neighbor. By this time Mrs. Bunnell was dead.

The San Jose police had made at least 20 calls and responses to Mrs. Bunnell's home during the year prior to her death, allegedly related to complaints of violent acts committed by Mack Bunnell on Mrs. Bunnell and her two daughters. Prior to September 4, 1972, Mack Bunnell had been arrested once for assaulting decedent.

Appellant contends that his complaint stated a cause of action for wrongful death under Code of Civil Procedure section 377, and that the cause survived under Probate Code section 573. The claim is barred by the provisions of the California Tort Claims Act (Gov. Code, § 810 et seq.), particularly section 845, which states: "Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service."

Relying on *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352], appellant claims that although the language of the above statutes appear to establish a blanket immunity for acts or omissions of law enforcement officials and agencies, we must construe it as providing immunity only from liability for discretionary, not ministerial, acts and omissions. While such a conclusion does find some support in the Law Revision Commission comment following section 845, this

---

*Before Rattigan, Acting P. J., Christian, J., and Emerson, J.†

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

interpretation of the section has recently been rejected by the Court of Appeal in *Antique Arts Corp.* v. *City of Torrance* (1974) 39 Cal.App.3d 588 [114 Cal.Rptr. 332]. The court there considered section 845, along with sections 846, 818.2 and 821, and concluded: "The statutory scheme employed makes it clear that failure to provide adequate police protection will not result in governmental liability (*Susman* v. *City of Los Angeles* (1969) 269 Cal.App.2d 803 [75 Cal.Rptr. 240]), nor will a public entity be liable for failure to arrest a person who is violating the law. (Law Revision Comment to § 821; *Tomlinson* v. *Pierce* (1960) 178 Cal.App.2d 112 [2 Cal.Rptr. 700]; *Rubinow* v. *County of San Bernardino* (1959) 169 Cal.App.2d 67 [336 P.2d 968].) *The statutory scheme shows legislative intent to immunize the police function from tort liability from the inception of its exercise to the point of arrest, regardless of whether the action be labeled 'discretionary' or 'ministerial.'*" (39 Cal.App.3d at pp. 592-593; italics added.)

In *County of Sacramento* v. *Superior Court* (1972) 8 Cal.3d 479, at page 485 [105 Cal.Rptr. 374, 503 P.2d 1382], a majority of the Supreme Court arrived at a similar interpretation of section 845.8.

In light of the specific holding of the Court of Appeal on this issue in *Antique Arts, supra,* and in view of the analogous holding in *County of Sacramento,* we must conclude that the police department enjoys absolute, not merely discretionary, immunity.

Appellant next argues that the police department is liable for its omission because it had a "special relationship" with decedent, based on the fact that the department was aware of Mack Bunnell's violent tendencies, since decedent had called police 20 times prior to the night of her death, complaining of threats of violence made by Bunnell, and since the department had on one occasion arrested him for assaulting her.

In all the cases in which governmental liability is established despite the fact that the act or omission complained of fell within the realm of "discretionary immunity," there was present "[t]he critical element . . . of a special relationship between employee and plaintiff that justified reliance by plaintiff on the employee's statement or promise." (*McCarthy* v. *Frost* (1973) 33 Cal.App.3d 872, 875 [109 Cal.Rptr. 470]. See *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252 [74 Cal.Rptr. 389, 449 P.2d 453]; *Connelly* v. *State of California* (1970) 3 Cal.App.3d 744 [84 Cal.Rptr. 257]; *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281 [57 Cal.Rptr. 312]; *Morgan* v. *County of Yuba* (1964) 230 Cal.App.2d 938 [41 Cal.Rptr.

508]. See also the summary of the nature of these special relationships in *Antique Arts, supra,* 39 Cal.App.3d at p. 593.)

The common theme running through these decisions is the voluntary assumption by the public entity or official of a duty toward the injured party. Even though there is initially no liability on the part of the government for its acts or omissions, once it undertakes action on behalf of a·member of the public, and thereby induces that individual's reliance, it is then held to the same standard of care as a private person or organization.

Appellant has failed to plead facts supporting an assumption that a special relationship existed between decedent and the San Jose Police Department. The allegation that the police had responded 20 times to her calls and had arrested her husband once does not indicate that the department had assumed a duty toward decedent greater than the duty owed to another member of the public. The police may have responded repeatedly to her calls, only to discover that she was not in danger. Absent an indication that the police had induced decedent's reliance on a promise, express or implied, that they would provide her with protection, it must be concluded that no special relationship existed and that appellant has not stated a cause of action.

The judgment of dismissal is affirmed.