[Civ. No. 63888. Second Dist., Div. One. Mar. 31, 1982.]

FRANCES TAELEIFI, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT et al.,
Defendants and Respondents.

COUNSEL

Howard Blau for Plaintiff and Appellant.

John Nouskajian, Jr., and Frank W. Woodhead for Defendants and Respondents.

OPINION

SPENCER, P. J.—

## INTRODUCTION

Plaintiff Frances Taeleifi appeals from an order of dismissal entered after the trial court sustained without leave to amend the demurrer of defendants Southern California Rapid Transit District (S.C.R.T.D.) and Prince Williams (Williams) to plaintiff's second amended complaint.

■ ■■■ STATEMENT OF FACTS[1]

The second amended complaint discloses the following allegations: On February 12, 1980, plaintiff was a passenger aboard S.C.R.T.D. bus No. 5822, of which Williams was then the driver. At the time of plaintiff's passage, a dangerous condition existed aboard bus No. 5822 and on bus routes generally traversing the area around Seventh and Los Angeles Streets in that the defendants permitted "violent hoodlums, derelicts and other such individuals" to board S.C.R.T.D. buses, thereby subjecting passengers to frequent physical assaults. The defendants had actual knowledge of the existence of this condition and knew or should have known of its dangerous character in time to take corrective measures. In addition, the existence of the condition created a reasonably foreseeable risk that passengers would be physically assaulted. While plaintiff was a passenger aboard bus No. 5822, she was assaulted, battered and subjected to the infliction of emotional distress at the hands of another passenger and as a result of the dangerous condition hereinbefore described. As a proximate result of defendants' maintenance of this dangerous condition, plaintiff suffered injury.

## CONTENTIONS

Plaintiff contends that the trial court erred in sustaining the demurrer without leave to amend in that the second amended complaint adequately pleads the elements of a cause of action within the meaning of Government Code section 835. We cannot agree.

## DISCUSSION

■ Plaintiff attempts to establish liability upon the theory that the operation of bus No. 5822 along its established route constituted a dangerous condition of property which renders the governmental entity liable under Government Code section 835. A public entity will be liable for injury caused by the condition of its property where "(1) the property was in a dangerous condition at the time of the injury; (2) the dangerous condition proximately caused the injury; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred; and (4)(a) a negligent or wrongful act or omission

---

[1]On demurrer, all material facts properly pleaded and all reasonable inferences which can be drawn therefrom are deemed admitted. (See *Glaire* v. *La Lanne-Paris Health Spa, Inc.* (1974) 12 Cal.3d 915, 918 [117 Cal.Rptr. 541, 528 P.2d 357]; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].)

of an employee of the public entity within the scope of his employment created the condition or (b) the public entity had actual or constructive notice of the dangerous condition in time to have taken measures to protect against it." (*Slapin* v. *Los Angeles International Airport* (1976) 65 Cal.App.3d 484, 488 [135 Cal.Rptr. 296]; *Vedder* v. *County of Imperial* (1974) 36 Cal.App.3d 654, 659 [111 Cal.Rptr. 728]; Gov. Code, § 835.)[2]

Contrary to plaintiff's assertion, the instant complaint contains no allegation that a concurrent physical condition of the bus itself contributed to the assault. (See *Hayes* v. *State of California* (1974) 11 Cal.3d 469, 472 [113 Cal.Rptr. 599, 521 P.2d 855]; *Stone* v. *State of California* (1980) 106 Cal.App.3d 924, 928 [165 Cal.Rptr. 339]; cf. *Ducey* v. *Argo Sales Co.* (1979) 25 Cal.3d 707 [159 Cal.Rptr. 835, 602 P.2d 755].) Rather, the condition of which plaintiff complains is the presence of criminal assailants aboard buses such as No. 5822, a circumstance wholly unrelated to property defect. In this respect, the instant complaint differs from the theories of pleading advanced in *Slapin* v. *Los Angeles International Airport, supra*, 65 Cal.App.3d 484; *Campodonico* v. *State Auto Parks, Inc.* (1970) 10 Cal.App.3d 803 [89 Cal.Rptr. 270]; and *Quelvog* v. *City of Long Beach* (1970) 6 Cal.App.3d 584 [86 Cal.Rptr. 127]. In *Slapin*, a specific defect in the property—insufficient lighting—was alleged; while in *Campodonico* and *Quelvog*, the construction and maintenance of the property in such a manner as to encourage illegal use was alleged.

To the extent that plaintiff's second amended complaint may be construed as pleading a defect in the operation of bus No. 5822 by virtue of driver Williams' failure to prevent the presence of criminal assailants aboard the bus, we note that public policy militates against the imposition of such a duty. Williams was hired to drive the bus and collect fares; accordingly, the scope of his employment was fairly understood by him and his employer to be limited to those tasks. Of perhaps great-

[2]Government Code section 835 provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

er importance, a bus driver will seldom, if ever, recognize a criminal assailant at a glance; to require him to judge a boarding passenger's character in a split second invites the violation of innocent persons' rights and creates a risk of physical confrontation on the steps of a bus. The public interest would not thereby be served.

Finally, insofar as plaintiff relies on a failure to warn, we adopt the rationale of *Hayes* v. *State of California, supra,* 11 Cal.3d 469, which found no duty to warn against criminal conduct: The problem of crime is well known to the public and the posting of a warning would be inconsistent with the governmental determination that the property in question be used by the public. (*Id.,* at pp. 472-473.) We find this policy consideration to be particularly apt in the case of public transit.

In summary, plaintiff has alleged nothing but injury as a result of the criminal acts of third persons. In view of plaintiff's inability to allege a physical condition in the bus which increased the risk of injury from criminal attack, the second amended complaint must fall victim to the rule that the courts will not ascribe liability to a dangerous condition of the public property solely on the basis of third party acts. (See, e.g., *Bartell* v. *Palos Verdes Peninsula Sch. Dist.* (1978) 83 Cal.App.3d 492 [147 Cal.Rptr. 898]; *Moritz* v. *City of Santa Clara* (1970) 8 Cal.App. 3d 573 [87 Cal.Rptr. 675]; *Seybert* v. *County of Imperial* (1958) 162 Cal.App.2d 209 [327 P.2d 560].) In the face of a firm public policy encouraging the use of public transportation, it does indeed seem anomalous to require no effort on the part of the responsible agencies in the protection of public transit passengers. However, the issue is more properly addressed to the Legislature. Accordingly, we call on that august body to reconsider the conflicting policies at issue herein and address the wisdom of imposing an affirmative duty of protection in appropriate circumstances.

The order is affirmed.

Lillie, J., and Bulgrin, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.