[Civ. No. 28983. Fourth Dist., Div. One. May 16, 1984.]

ABRAHAM GONZALES, Plaintiff and Appellant, v.
CITY OF SAN DIEGO, Defendant and Respondent.

COUNSEL

Gillivan & Roth, Etta Oeltman and Jeffrey A. Roth for Plaintiff and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson, Senior Chief Deputy City Attorney, and Eugene P. Gordon, Chief Deputy City Attorney, for Defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Plaintiff Abraham Gonzales appeals a judgment dismissing his complaint against San Diego after the court sustained San Diego's demurrer without leave to amend.

I

Gonzales sued San Diego alleging "tailgate" parties in the San Diego stadium parking lot occurring before, during and after San Diego Charger

football games created a dangerous condition on public property which San Diego not only knew about, but encouraged. He alleged San Diego negligently failed to provide for the public's safety from such dangerous condition and such dangerous condition proximately caused Gonzales' injuries which he sustained when a drunk "tailgater" hit him in the face with a tire iron. San Diego demurred, alleging it was immune from suit because Gonzales had failed to state a cause of action under Government Code section 835.[1] The court found Gonzales had not alleged any physical defect in the property and therefore did not state a cause of action under section 835.

## II

■  Gonzales contends the court erred in sustaining the demurrer because a dangerous condition can exist and a cause of action be stated under section 835 absent a physical defect on the property. He asserts his allegation San Diego encouraged the consumption of alcohol in the stadium parking lot sufficiently alleges a dangerous condition under section 835. While a physical *defect* (in the sense of some aberrant condition in or on the property) is not necessary to state a cause of action under section 835 (*Ducey* v. *Argo Sales Co.* (1979) 25 Cal.3d 707, 715-718 [159 Cal.Rptr. 835, 602 P.2d 755]), some physical *condition* of the property must be a contributing cause to the plaintiff's injury (*Taeleifi* v. *Southern Cal. Rapid Transit Dist.* (1982) 130 Cal.App.3d 366, 369 [181 Cal.Rptr. 697]; *Ducey, supra,* 25 Cal.3d at pp. 715-718, where the court found no physical defect in the roadway, but where the road's physical condition of having no median barriers contributed to the plaintiff's injury). Here Gonzales has not alleged any concurrent physical condition in the parking lot property increased the risk of injury

---

[1]Government Code section 835 is an exception to a public entity's general immunity from injury claims as provided in Government Code section 815.

Government Code section 815 reads:

"Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

"(b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

Government Code section 835 reads: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

from criminal attack. Therefore, he has only alleged his injury resulted from the criminal acts of a third party, which is insufficient to state a cause of action under section 835 (*Taeleifi, supra,* 130 Cal.App.3d at p. 370).

Were we to hold a cause of action exists, the way would be open to include public entities in lawsuits between private parties for personal injuries occurring in parks, sports arenas, on beaches or even on public streets and sidewalks during picnics, sporting events, parades or other gatherings of people. We find no statutory authority in section 835 for practically eliminating public entity immunity.

### III

Gonzales meritlessly contends the court's sustaining the demurrer denied him equal protection of the law (*Stone* v. *State of California* (1980) 106 Cal.App.3d 924, 930-931 [165 Cal.Rptr. 339] (hg. den.).

### IV

Judgment affirmed.

Cologne, J., and Butler, J., concurred.