[L.A. No. 30253. In Bank. May 10, 1974.]

THOMAS MARTIN HAYES, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

---

**COUNSEL**

John K. Trotter, Jr., Albertini, Murphy & Gill, Kenneth J. Murphy, Jr., and Getz, Aikens & Manning for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, N. B. Peek, Michael J. Strumwasser and Mary Anna Henley, Deputy Attorneys General, Benton, Orr, Duval & Buckingham, Edwin Duval, James T. Sherren, Jr., Archbald, Zelezny & Spray, Schramm, Raddue & Seed, Dale E. Hanst and Frederick W. Montgomery for Defendants and Respondents.

Harry S. Fenton, Joseph A. Montoya, Robert L. Meyer and Robert W. Vidor as Amici Curiae on behalf of Defendants and Respondents.

**OPINION**

**CLARK, J.**—After sustaining demurrers without leave to amend plaintiffs' original complaint, the trial court entered judgment of dismissal. Plaintiffs appeal.

On the evening of 4 July 1970, Thomas Hayes (age 20) and Thomas

Dolan (age unknown) entered a beach on the campus of the University of California at Santa Barbara. While asleep in the night, they were attacked and beaten by unknown persons; Hayes sustained serious injury and Dolan died. Their parents filed this personal injury and wrongful death action against the State of California, the City and County of Santa Barbara, and the Regents of the University of California.

Plaintiffs alleged defendants owned, maintained, and supervised the beach, and that the public was both permitted and encouraged to use it at all hours. They further alleged that defendants had created a dangerous condition by failing to provide adequate police protection despite knowledge that undesirable persons frequented the beach, committing dangerous crimes there. ■ Plaintiffs now concede inadequate police protection provides no basis for liability, but urge they should have been permitted to amend their complaint to state a cause of action for failure to warn of a dangerous condition of property. (*Lemoge Electric* v. *County of San Mateo* (1956) 46 Cal.2d 659, 664 [297 P.2d 638].)

Section 815 of the Government Code[1] declares: (a) a public entity is not liable for any injuries except as provided by statute; and (b) any statutorily established liability is subject to both statutory immunities and the defenses that would be available to the public entity were it a private person.

The basis for imposing liability advanced by the plaintiffs is maintaining a dangerous condition of property. As defined by section 830, a dangerous condition is "a condition of property that creates a substantial (as distinguished from a minor, trivial, or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used."

To impose liability for a dangerous condition of property under section 835, a plaintiff must establish "that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." The definition of "protect against" in section 830, subdivision (b) includes "pro-

---

[1]Hereinafter all section references are to the Government Code, unless otherwise specified.

viding safeguards against a dangerous condition, or warning of a dangerous condition."

Liability for injury caused by a dangerous condition of property has been imposed when an unreasonable risk of harm is created by a *combination* of defect in the property and acts of third parties. (E.g., *Baldwin* v. *State of California* (1972) 6 Cal.3d 424 [99 Cal.Rptr. 145, 491 P.2d 1121]; *Quelvog* v. *City of Long Beach* (1970) 6 Cal.App.3d 584, 591-592 [86 Cal.Rptr. 127].) However, courts have consistently refused to characterize harmful third party conduct as a dangerous condition—absent some concurrent contributing defect in the property itself. (See, e.g., *Jones* v. *Czapkay* (1960) 182 Cal.App.2d 192, 203 [6 Cal.Rptr. 182] (presence of tuberculosis carrier on street does not constitute dangerous condition of property); *Seybert* v. *County of Imperial* (1958) 162 Cal.App.2d 209, 212, 214 [327 P.2d 560] (if lake itself not dangerous, no liability for water-skiing accident caused by third person's negligence); *Campbell* v. *City of Santa Monica* (1942) 51 Cal.App.2d 626, 629 [125 P.2d 561] (no liability for failure to warn pedestrians of foreseeably negligent use of streets by motorists).)[2] In support of this characterization are the sections following section 830 (§§ 830.2 through 831.8) limiting liability for dangerous conditions. All are based on some physical feature of the property.[3] There is no suggestion in the instant case that a defect in the property itself contributed to the assault.

Under other circumstances, it is conceivable liability might be imposed in the absence of a physical defect, but we must conclude there was no duty to warn against criminal conduct.

While we acknowledge that the warning called for by plaintiffs might be beneficial in some instances,[4] both public awareness of the prevalence of crime and policy factors militate against imposing a governmental duty to warn in circumstances such as these.

First, it is indisputable that the public is aware of the incidence of violent

---

[2]Although the above cited cases were decided under the Public Liability Act of 1923, the superseding statutes are substantially similar to that act in relevant respects. (See former § 53051 and Legislative Com. comment to present § 835, West's Ann. Gov. Code (1966 ed.) p. 185.)

[3]Similarly, a private landowner's liability is ordinarily based on a defect of the property or on his active conduct (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 112 et seq. [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]); and in the absence of a special relationship, he is under no duty to protect against the wrongful conduct of third parties. (See Rest. 2d Torts, §§ 315, 344.)

[4]For example, uninformed tourists might benefit from warnings that particular areas are frequent sites of muggings.

crime, particularly in unlit and little used places. Thus, it would serve little purpose for government to further remind the public of this unfortunate circumstance in society.

Next, to the extent warning of past criminal conduct might serve a beneficial purpose, it—unlike cautioning against a specific hazard in the *use* of property—admonishes against any use of the property whatever, thus effectively closing the area. But determining and regulating the use of public property are better left to legislative and administrative bodies, rather than to the judiciary.[5]

Finally, the disquieting spectre of warning signs hanging in areas where crime has occurred—not unlike the leper's bell—manifests the unreasonableness of the duty sought to be imposed by plaintiffs on their government.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[5]These judgments are analogous to those involved in the determination of the extent of police protection. (See Cal. Law Revision Com. comment to § 845 (which grants immunity from lawsuits alleging inadequate police protection), 32 West's Ann. Gov. Code (1966 ed.) p. 270.)