146 N.J. Super. 76 (1976)
368 A.2d 980
HELEN WHALEY AND DARIUS WHALEY, PLAINTIFFS,
v.
COUNTY OF HUDSON, A BODY POLITIC OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 29, 1976.
*77 Mr. Joseph T. Romano for plaintiff (Mr. Jesse Moskowitz, attorney).
Mr. Gerald M. Gorrin for defendant (Messrs. Gorrin & Ironson, attorneys).
BILDER, J.S.C.
This is a motion by the County of Hudson to dismiss a complaint on the ground that the county has immunity under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.
On May 3, 1973, while crossing Communipaw Avenue in the crosswalk at Kennedy Boulevard, plaintiff was injured when she fell in a pothole. Plaintiff alleges the pothole was a dangerous condition of which the county had actual or constructive notice and which resulted from a failure to properly maintain the street. She seeks to recover damages for the injury she sustained.
The procedural requirements of chapter 8 of the act as to notice and time have been duly complied with.
This motion raises the question of whether the Tort Claims Act has created governmental liability for defects resulting from a failure to maintain a roadway. Prior to the passage of the Tort Claims Act, a public entity was liable for defects caused by faulty repair or construction but not for defects caused by wear and tear. See Milstrey v. Hackensack, 6 N.J. 400, 409 (1951).
The liability of a public entity for dangerous conditions of its property is provided for in chapter 4 of the act. One uniform standard is set for all publicly owned or controlled land. The act extends to public entities the usual obligations of private parties with respect to dangerous conditions on their property, subject to a special provision in recognition of the vast amount of property the public entities own. Comment to N.J.S.A. 59:4-2, Report of the Attorney General's *78 Task Force on Sovereign Immunity, 220-221 (1972). N.J.S.A. 59:4-2 reads as follows:
A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
N.J.S.A. 59:4-1 which defines the terms used in N.J.S.A. 59:4-2 reads as follows:
As used in this chapter:
a. "Dangerous condition" means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used.
b. "Protect against" includes repairing, remedying or correcting a dangerous condition, providing safeguards against a dangerous condition, or warning of a dangerous condition.
c. "Public property" means real or personal property owned or controlled by the public entity, but does not include easements, encroachments and other property that are located on the property of the public entity but are not owned or controlled by the public entity.
The primary question is whether a road or highway falls within the definition of "public property." The plain language of N.J.S.A. 59:4-1(c) would seem to include a roadway. "In the absence of an explicit indication of a special meaning, the words of a statute are to be given their ordinary and well understood meaning." Safeway Trails, *79 Inc. v. Furman, 41 N.J. 467, 478 (1964), cert. den. 379 U.S. 14, 85 S.Ct. 144, 13 L.Ed.2d 84 (1964).
Reference to California law supports the conclusion that roadways are included. Our Tort Claims Act is based on that of California. Keller v. Somerset Cty., 137 N.J. Super. 1, 5-6 (App. Div. 1975). With the exception of the proviso incorporating the doctrine of Bergen v. Koppenal, 52 N.J. 478 (1968), N.J.S.A. 59:4-1 and 59:4-2 appear in almost identical form in the California act. Cal. Government Code, §§ 830 and 835. In California liability can exist under these sections for failure to repair a dangerous condition on a road. See Drummond v. City of Redondo Beach, 255 Cal. App.2d 715, 63 Cal. Rptr. 497 (D. Ct. App. 1968).
In the light of the plain language of the act and the guidance furnished by California, I find that by N.J.S.A. 59:4-1 and 59:4-2 the Legislature has extended governmental liability to road defects caused by wear and tear.
The ultimate result in the instant case depends upon the resolution of factual issues which, if successfully established by plaintiff, would as a matter of law establish a cause of action. If plaintiff can show (1) the pothole was a dangerous condition, (2) her injury was proximately caused by the pothole, (3) the pothole created a reasonably foreseeable risk of the kind of injury she sustained, and (4) the county either had actual notice or had constructive notice for sufficient length of time to have repaired or remedied the condition, she will be entitled to a recovery unless the county's action to protect against the condition or its failure to take such action is found not to be palpably unreasonable.
Defendant's motion for summary judgment is denied.