193 N.J. Super. 405 (1984)
474 A.2d 1081
MARY SPEAKS, A GUARDIAN AD LITEM OF THE INFANT, MICHAEL SPEAKS AND MARY SPEAKS, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
THE HOUSING AUTHORITY OF THE CITY OF JERSEY CITY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 16, 1984.
Decided March 16, 1984.
*407 Before Judges FRITZ, FURMAN and DEIGHAN.
Braff, Litvak, Ertag, Wortmann, Harris & Sukoneck, attorneys for appellant (Harold I. Braff, of counsel; Roy J. Konray, on the brief).
Dorrity & Plaza, attorneys for respondents (Richard J. Plaza, on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
Defendant housing authority appeals from jury verdicts of $650,000 in favor of infant plaintiff and $16,389.90 in favor of his mother as his guardian in an action under N.J.S.A. 59:4-2 of *408 the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. While playing in a common yard outside the rear door of the building where he resided in defendant's housing project, infant plaintiff, then aged seven, was struck by a bicycle frame thrown or dropped from a stairwell window. He suffered permanent brain damage.
Defendant urges on appeal that, because plaintiffs failed as a matter of law to establish liability for a dangerous condition of property under N.J.S.A. 59:4-2, the trial court erred in denying its motions for dismissal at the close of plaintiffs' case and for judgment notwithstanding the verdict. It also charges error in the admission into evidence of a hearsay statement by Kenneth Gourdine, then a juvenile, that he threw the bicycle frame out of the eighth-floor stairwell window; in the admission into evidence of a section of the Jersey City Property Maintenance Code; and in the trial court's instruction to the jury that failure to repair or replace a missing window frame would have constituted a violation of that code, which would not by itself conclude the issue of liability against defendant, but could be considered by the jury along with the other evidence in the case.
In the light most favorable to plaintiffs, as we must view it, the evidence supporting plaintiffs' cause of action was as follows. The upper window frame on the eighth-floor stairwell window above the rear door was missing, enlarging the aperture from a maximum of about 56 1/2 inches by 7 inches when opened with the upper frame intact to about 56 1/2 inches by 15 to 17 inches; the upper frame had been missing for two weeks or longer; the bottom of the upper window was about four feet above the floor; the window was recessed; the bicycle frame was about 34 inches by 28 1/2 inches by 10 inches; the bicycle frame could be thrown, as well as dropped, out of the window with the upper window frame missing but could not be thrown out of the window with the upper window frame intact; the bicycle frame was thrown, not dropped, because it cleared a canopy above the rear door when it struck plaintiff at play in *409 the common yard outside the rear door; Kenneth Gourdine admitted that he threw the bicycle frame out of the eighth-floor stairwell window; several prior complaints of debris thrown or dropped from windows had been reported; a tenant had been struck by a piece of glass thrown from a window three months before; someone else had been struck by a dog food can thrown from a window about eight days before; the common yard where plaintiff was struck was an area frequented by children and others; defendant employed a glazier full-time to repair and replace windows.
N.J.S.A. 59:4-2 establishes governmental tort liability for injury caused by a dangerous condition of public property:
A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
N.J.S.A. 59:4-1(a) defines "dangerous condition" of public property:
"Dangerous condition" means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used.
We must resolve whether prima facie proof of the elements of a cause of action under N.J.S.A. 59:4-2 were before the jury: (1) A condition of property creating substantial risk of injury when used with due care in a manner in which it was reasonably foreseeable that it would be used; (2) Reasonably foreseeable risk of the kind of injury sustained by plaintiff; (3) Actual or constructive notice of the dangerous condition to defendant a sufficient time in advance of the injury for protective *410 measures to have been taken; (4) Palpable unreasonability of defendant's failure to take protective measures; (5) Proximate cause relationship between the dangerous condition and the injury.
In our view the final four of the foregoing elements of plaintiffs' cause of action were clearly established prima facie warranting submission to the jury. To recapitulate, there had been several recent complaints in this housing project of the hurling or dropping of objects from windows, cf. Mayer v. Jersey City Housing Auth., 84 N.J. Super. 411, 424 (App.Div. 1964), aff'd o.b. 44 N.J. 567 (1965); children and others frequented the common yard outside the rear door; the upper window frame had been missing for two weeks or longer; defendant housing authority had provided for window repair and replacement on a full-time basis; plaintiff was struck by a bicycle frame which was thrown from the eighth-floor window according to Kenneth Gourdine's admission; the bicycle frame could only have been thrown from the window with its upper frame missing.
More difficult to resolve is whether plaintiffs' proofs of the first of the foregoing elements of their cause of action, in the most favorable light, meet the statutory definition of a dangerous condition of property in N.J.S.A. 59:4-1, that is, one creating a substantial risk of injury when "used with due care in a manner in which it is reasonably foreseeable that it will be used." According to defendant's argument, the hurling of a bicycle frame out of a window with the upper frame missing is not use of the window with due care.
The trial court charged the jury as follows:
In order for you to find that there was a dangerous condition of public property you must be satisfied by a fair preponderance of the credible evidence that all of the following things were true at the time of plaintiff's injury: First, that the condition was one that created a substantial risk of injury, a risk that was not minor, trivial or insignificant to a person using the public property with due care, that is reasonable care for his own safety and in a manner that the public entity ought to have reasonably foreseen or expected people to use the property. The property we're talking about here were the building and *411 grounds at One Heckman Drive, Jersey City. There is no basis to find that Michael Speaks himself was not using due care.
As a corollary to their argument that plaintiffs' proofs were insufficient, defendants urge error in that portion of the jury charge relating use of the property with due care to use by the victim and not to use by a third party such as Kenneth Gourdine. The issue thus posed is a novel one among reported opinions in this state construing N.J.S.A. 59:4-1.
The difficulty in the consideration of the issue arises from a tendency to weld "the substantial risk of injury" language in the statute with that speaking of the property's being "used with due care." Along with the California courts, about which more is said below, we do not believe this to be an ineluctable necessity.
The risk of injury necessarily relates to the physical condition of the property in question. While the degree of that risk may vary from slight or nonexistent to great depending on the use made, it remains the condition of the property which will determine whether any risk exists.
On the other hand, the reasonable user requirement, of equal necessity, refers to the conduct of an individual. The application of the reasonable user requirement is obvious when the victim is himself using the very property, which is allegedly in a dangerous condition, e.g., driving on a highway with potholes or bumps. Relevant is whether there would have been a substantial risk of an accident to a motorist who was exercising due care. See Polyard v. Terry, 160 N.J. Super. 497, 508 (App.Div. 1978), aff'd o.b. 79 N.J. 547 (1979).
On the appeal before us we view the factors of reasonable user and substantial risk as not limited to the unrepaired window to the exclusion of the nature and use of the land below.
Support is found for this by reference to California law for guidance, as was done in Costa v. Josey, 83 N.J. 49, 57 (1980). The California Tort Claims Act, Cal. Gov't Code § 810 et seq., *412 enacted in 1963, was the model of the New Jersey Tort Claims Act. See Report of the Attorney General's Task Force on Sovereign Immunity (1972). Significantly, section 830.2 of the California act defines "dangerous condition" of public property as one creating a substantial risk of injury when such property or adjacent property is used with due care. In Hayes v. State, 11 Cal.3d 469, 113 Cal. Rptr. 599, 601, 521 P.2d 855 (Court 1974), the California Supreme Court recognized that governmental liability for a dangerous condition of property may be imposed "when an unreasonable risk of harm is created by a combination of defect in the property and acts of third parties." Duarte v. State, 88 Cal. App.3d 473, 151 Cal. Rptr. 727, 736 (Ct.App. 1979) is in accord.
Kleinke v. Ocean City, 163 N.J. Super. 424 (Law Div. 1978) is analogous, although it did not deal with the requirement of use with due care. In denying defendant's motion for summary judgment, Kleinke held that an ocean-bathing area could be found to be property in a dangerous condition because of risk of injury from body surfers riding three- to six-foot high waves.
We agree with the trial court's construction of N.J.S.A. 59:4-1 and reject defendant's counter-argument. According to plaintiffs' theory of liability, the danger was not in the vicinity of the half-missing stairwell window alone, but also in the common yard outside the rear door eight floors below; the property in a dangerous condition, under the facts of plaintiffs' case, was at the site of the accident in view of the reasonably foreseeable risk that an object might be hurled or dropped from the half-missing window impending overhead. A fact issue was properly posed to the jury whether there was substantial risk of injury to someone using the common yard outside the rear door with due care and in a manner in which it was reasonably foreseeable that that property would be used. That fact issue was resolved by the jury adversely to defendant.
Defendant's other two issues on appeal are clearly without merit and may be disposed of summarily. Kenneth *413 Gourdine's statement that he had thrown the bicycle frame out of the eighth-floor stairwell window was admissible hearsay as an admission against interest under Evid.R. 63(10). The Jersey City Property Maintenance Code was relevant on the issue whether there was a dangerous condition of property which it was palpably unreasonable not to have repaired or otherwise protected against. The jury charge correctly stated the law that violation of the code would not be conclusive but only evidential; in any event no objection was made to that instruction.
We affirm.