232 N.J. Super. 160 (1988)
556 A.2d 1224
EULA HAWES, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE GOODS, CHATTELS, RIGHTS AND CREDITS OF THE ESTATE OF JOHNNY A. HAWES, AND INDIVIDUALLY, PLAINTIFF,
v.
NEW JERSEY DEPARTMENT OF TRANSPORTATION, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided January 8, 1988.
*161 Robert J. Giasullo, Esq., for Plaintiff (Bursik, Kuritsky & Giasullo, Esqs.).
Adele C. Baker, Esq., for Defendants (Deputy Attorney General, W. Cary Edwards, Esq., Attorney General).
MENZA, J.S.C.
This is a motion for summary judgment brought by the defendants New Jersey Department of Transportation (DOT) and New Jersey Transit Corporation (NJT).
The plaintiff is the administratrix of the estate of the decedent, who was struck and killed by a train owned by NJT when he attempted to cross a railroad track.
In this suit, the plaintiff contends that the defendants allowed a dangerous condition to exist on the right of way of the railroad because they failed to erect fences or take other steps to prevent pedestrians from crossing the tracks, despite knowledge that the area in question was one regularly used by trespassers.
N.J.S.A. 59:4-2 imposes liability upon a public entity for injury caused by a dangerous condition of the entity's property. The term "dangerous condition" is defined by N.J.S.A. 59:4-1(a) as follows:
"`Dangerous condition' means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used."
The defendants argue, in this motion, that the property is dangerous only if it is used without due care, as was the situation in this case, and that since it is otherwise not dangerous, it does not fall within the statutory definition.[1]
*162 The plaintiff responds that the foreseeable dangerous activity upon the property (trespassers) creates a dangerous condition, and is, therefore, encompassed by the statute.
The question presented to this Court is whether a foreseeable dangerous activity on property which is otherwise not dangerous creates a dangerous condition as defined by the statute. Cases which have interpreted the statute have concluded that the term "dangerous condition" refers to the physical condition of the property itself, such as an uneven sidewalk, Guerriero v. Palmer, 175 N.J. Super. 1 (Law Div. 1979), a broken window above a courtyard, Speaks v. Jersey City Housing Authority, 193 N.J. Super. 405 (App.Div. 1984), or a pothole, Whaley v. County of Hudson, 146 N.J. Super. 76 (Law Div. 1976).
Dangers created by the activities of persons using the property have not been held to constitute a dangerous condition. See, e.g. Rodriguez v. N.J. Sports and Exposition Authority, 193 N.J. Super. 39 (App.Div. 1983), (presence at racetrack of persons with criminal intent is not a dangerous condition); Cogsville v. Trento 159 N.J. Super. 71 (App.Div. 1978), ("dangerous" dog owned by a tenant in a city dwelling is not a dangerous condition); Setrin v. Glassboro State College, 136 N.J. Super. 329 (App.Div. 1975), (persons who attacked plaintiff on campus of state college not a dangerous condition); Sharra v. City of Atlantic City, 199 N.J. Super. 535 (App.Div. 1985), (bicylcist riding bicycle on boardwalk struck by another bicyclist not a dangerous condition).
The case of Ross v. Moore, 221 N.J. Super. 1, 5 (App.Div. 1987) summarizes the case law:
"In applying the tort claims act, N.J.S.A. 59:1-1 et seq., we have consistently rejected the contention that dangerous activities of other persons on public property, even if reasonably foreseeable, establish a dangerous condition of the property itself." (Citations omitted).
In Setrin v. Glassboro State College, 136 N.J. Super. 329 (App.Div. 1975), the plaintiff, who was stabbed by a fellow student while exiting his college gymnasium, claimed that the college was liable for creating a dangerous condition within the *163 meaning of the statute, because it was aware of previous similar episodes and had knowledge of disturbances which had occurred earlier on the day in question. The court held that a dangerous condition is not created by the acts of third persons, and that therefore, the college was not liable to the plaintiff. The court quoted from a California case:
"Liability for injury caused by a dangerous condition of property has been imposed when an unreasonable risk of harm is created by a combination of defect in the property and acts of third parties (citations omitted).... However, courts have consistently refused to characterize harmful third party conduct as a dangerous condition  absent some concurrent contributing defect in the property itself." Hayes v. State, 11 Cal.3d 469, 113 Cal. Rptr. 599, 521 P.2d 855 (1974).
and concluded:
"Consideration of the overall statutory design leads us to the conclusion that the `dangerous condition' of the property intended to provide a basis for the imposition of liability would not include the mere presence on the property of a person with criminal intent or purpose as in the facts of this case." (136 N.J. Super. at 333-334).
In this case, the plaintiff contends that the property in question was dangerous because the State knew that people were crossing the tracks in the area and should have, therefore, done something to prevent them from doing so. If a governmental entity, however, is not liable for the foreseeable activities of a third person which results in injuries to a claimant, how then is it responsible for activities which it could foresee of the injured person himself? Put another way: if the decedent in this case had died as a result of being struck by another person while on the railroad tracks, case law would prohibit the imposition of liability upon the State, even through the State was aware that persons were trespassing upon the property and that assaults had occurred on prior occasions. Logic would dictate then that the State is also not liable to a foreseeable trespasser who is struck not by another trespasser, but by a train.
In a recent decision, the Appellate Division refused, however, to adopt a strict physical defect/activity standard. King v. Brown, 221 N.J. Super. 270, 274-5 (App.Div. 1987). Instead, the *164 court held that the best approach for determining a dangerous condition is to consider "whether the condition complained of creates a substantial risk of injury despite the exercise of due care ... what constitutes due care depends on the variable element of risk of harm inherent in any situation ... (T)he greater the risk, the greater the care required." (citations omitted). King, 221 N.J. Super. at 275-276.
Adopting this approach, it is clear to this Court that if a person were to use the defendant's property with due care, he would encounter no substantial risk of harm. Common sense dictates that a person using due care would make certain no trains were approaching before walking across a railroad track. Exercising even a minimum of care, a person should be able to eliminate any chance of being hit by a train. Accordingly, NJT's property did not constitute a dangerous condition.
To adopt the plaintiff's basis for imposing liability upon the defendants would have the affect of rewriting the definition of "dangerous property" so as to expand its scope to an extent never envisioned by the legislature when it adopted the statute and set forth its legislative policy. This policy makes it crystal clear that the act must be strictly construed so as to effectuate its purpose. N.J.S.A. 59:1-2, Legislative declaration, reads as follows:
"The Legislature recognizes that while a private entrepreneur may readily be held liable for negligence within the chosen ambit of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done. Consequently, it is hereby declared to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein. All of the provisions of this act should be construed with a view to carrying out the above legislative declaration."
In the treatise, Margolis and Novack, Tort Claims Against Public Entities, (1986), Comment to N.J.S.A. 59:1-2, the author states:
"Although the legislature states that its purpose is the amelioration of the harsh results of the strict application of the common law doctrine of sovereign immunity it must be emphasized that the approach of the act is to broadly limit *165 public entity liability. (Citations omitted). For this reason, courts should be cautious in sanctioning novel causes of action. Ayers v. Jackson Tp., 202 N.J. Super. 106, 122 (App.Div. 1985). Generally courts are instructed to find entity immunity unless there is specific provision for liability."
This Court is not attempting to be clever by stating that railroad tracks are for trains, not people, and that a railroad track that is utilized with due care should normally be considered safe for the purpose for which it exists.
Motion granted.
NOTES
[1] The defendant also seems to imply that due care is a condition precedent to a finding that property is dangerous. This position is untenable. See Speziale v. Newark Housing Authority, 193 N.J. Super. 413 (1984).