**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2466-20

MICHELLE LITTLE,

     Plaintiff-Respondent,

v.

CITY OF ATLANTIC CITY,

     Defendant-Appellant.

_____

Submitted October 7, 2021 – Decided October 20, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0723-18.

Daniel J. Gallagher, attorney for appellant.

Westmoreland Vesper & Quattrone, PA, attorneys for respondent (R.C. Westmoreland, on the brief).

PER CURIAM

This case is before us on defendant City of Atlantic City's interlocutory appeal from a February 8, 2021 order denying its motion for summary judgment against plaintiff Michelle Little. Defendant argues that the motion judge erred in denying its motion for summary judgment and rejecting defendant's argument that plaintiff used city property without due care as a matter of law. We affirm, substantially for the reasons set forth in Judge James P. Savio's well-reasoned opinion. We add only the following brief remarks.

We discern the following facts from the record. On the night of April 9, 2016, plaintiff and her cousin went to Atlantic City to celebrate her birthday. They arrived shortly before 11:30 p.m. and plaintiff's cousin parked their car along Pacific Avenue. The weather was clear, and it had not rained prior to their arrival.

Plaintiff and her cousin walked along Pacific Avenue on their way to the Claridge Hotel. At the intersection of Pacific and Ohio Avenue, plaintiff crossed Pacific Avenue before her cousin. Plaintiff did not use the crosswalk at the intersection, instead crossing about seven to ten feet away from the crosswalk. Plaintiff saw that the crosswalk, was unobstructed at the time she crossed. As she crossed the street, she stepped into a pothole with her left foot and fell forward and hit her head on the curb. The pothole was approximately five inches

A-2466-20

deep, four to six inches wide, about three or four feet long, and located along the edge of the concrete gutter between the cement gutter and the asphalt of Pacific Ave. She did not see the pothole prior to falling. Plaintiff tried to get up and "get loose" from the pothole, but fell and hit her head once more. Plaintiff struggled to free herself from the pothole. A nearby off-duty police officer got out of her marked police car and stopped oncoming traffic for plaintiff's safety. On her third attempt to free herself, plaintiff was able to "break loose and get on to the curb."

Once on the curb, the police officer recommended plaintiff go to the hospital. Plaintiff went to the nearby AtlantiCare Regional Medical Center for evaluation and left the hospital around 1:00-1:30 a.m. The following day, plaintiff drove home to Maryland. She sought follow-up medical care at Fort Washington Hospital and was diagnosed with a fractured nose and a fractured left cheek bone.

On April 5, 2018, plaintiff filed a complaint against defendant alleging: 1) negligence of defendant city; and 2) negligence of defendants-responsible party for creation, inspection, and maintenance of the "subject trip hazard hole[.]" Defendant filed an answer on May 31, 2018.

A-2466-20

On May 24, 2019, the court granted plaintiff's motion to extend discovery. On October 25, 2019, the court granted an order to include the Casino Redevelopment Agency and Pierson Construction, who performed road repairs several years earlier as defendants.

On April 9, 2020, defendant filed for summary judgment, arguing plaintiff had not provided sufficient proof of a dangerous condition under the New Jersey Tort Claims Act (TCA).  N.J.S.A. 59:4-1 to -10.  The judge denied one motion on July 17, 2020, and provided a statement of reasons in a written opinion on July 22, 2020.

On January 7, 2021, defendant filed a second motion for summary judgment.  On February 8, 2021, the court denied the second motion in an oral opinion.

Judge Savio considered several factors in analyzing the "dangerous condition" element of premises liability under N.J.S.A. 59:4-1(a).  First, he noted the pothole was located only seven to eight feet away from the crosswalk, as opposed to being farther away towards the middle of the block.  He further noted the pothole's were a significant size:

> [the pothole] looks to me to be about four to six inches wide and it's running along the concrete a distance of probably three or four feet.  This is not a two inch declivity . . . on a side street or a little pothole on Pacific

Avenue.  To me, at least, looking at the photographs, this is a significant area of deformity.

Second, Judge Savio emphasized the pothole's highly trafficked and commercial locale:

> [i]t's a commercial district.  Whether the door to the casino parking lot is there, it's a commercial district. Bally is there, Claridge is there.  The hospital is nearby. I think the library is a couple blocks away from there, but it's still in the general area.  There are restaurants in that area.  There are gold, silver shops in that area.  This is not a . . . residential side street.  This is a major street, and if we look at the streets that run north to south, Ohio Avenue is one of the major streets in Atlantic City, as well, that run north to south.

Judge Savio ultimately concluded, "giving the plaintiff the benefit of all the facts and all of the inferences that flow from the facts," that a person crossing Pacific Avenue could foreseeably do so outside of the crosswalk; and that a reasonable jury could find plaintiff used the property with due care.  As a result, the question of whether plaintiff used the property with due care should be left to a jury and he denied defendant's motion for summary judgment.

On February 22, 2021, defendant unsuccessfully moved for reconsideration.  Defendant filed a motion for leave to file an interlocutory appeal, which the Appellate Division granted on May 6, 2021.

A-2466-20

We review a motion judge's grant or denial of summary judgment de novo, applying the same standard as the motion judge. Conley v. Guerrero, 228 N.J. 339, 346 (2017). The court will accept the non-movant's version of the facts and draw all inferences in favor of plaintiff. See Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 523 (1995). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

Defendant argues plaintiff "has presented no substantial or material facts which could demonstrate she used the property with due care." The TCA provides that, for a public entity to incur liability from a condition of public property, a "dangerous condition" must be present "that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." See N.J.S.A. 59:4-1(a); see also Garrison v. Twp. of Middletown, 154 N.J. 282, 286-87 (1998); Polzo v. Cnty. of Essex, 209 N.J. 51, 72 (2012). The question is generally reserved for the fact finder. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 123 (2001).

A-2466-20

However, the court must first assess whether a reasonable jury could conclude the property was in a dangerous condition based on plaintiff's evidence. Id. at 124. Potholes have qualified as a dangerous condition under the TCA. See, e.g., Whaley v. Cnty. of Hudson, 146 N.J. Super. 76 (Law Div. 1976).

Once a defect in the property has been identified, courts must determine whether an objectively reasonable person would face a substantial risk of injury when using the property with due care. Garrison, 154 N.J. at 292. In Vincitore, the New Jersey Supreme Court interpreted Garrison as prescribing a three-part analysis:

> The first consideration is whether the property poses a danger to the general public when used in the normal, foreseeable manner. The second is whether the nature of the plaintiff's activity is "so objectively unreasonable" that the condition of the property cannot reasonably be said to have caused the injury. The answers to those two questions determine whether a plaintiff's claim satisfies the Act's "due care" requirement. The third involves review of the manner in which the specific plaintiff engaged in the specific activity. That conduct is only relevant to proximate causation . . . and comparative fault.
>
> [Vincitore, 169 N.J. at 126 (quoting, Garrison, 154 N.J.
>
> at 292).]

Here, the pothole is undisputedly a dangerous condition. The question is whether plaintiff's use of the property was foreseeable.

The motion judge noted the size of the pothole and the seven to ten feet distance from the pothole to the crosswalk. The judge further noted that plaintiff's fall occurred in a busy commercial area surrounded by casinos, hotels, and restaurants. He explained that a jury could consider the fact that plaintiff was walking outside of the crosswalk, but that in "giving the plaintiff the benefit of all of the facts and all the inferences that flow from the facts" it is foreseeable that a person crossing Pacific Avenue would walk outside of the crosswalk. We agree with the motion judge's analysis and therefore discern no error.

Defendant also argues plaintiff did not use the property with due care as a matter of law. Specifically, defendant relies heavily on the fact that plaintiff crossed Pacific Avenue outside of the crosswalk, violating N.J.S.A. 39:4-33.[1]

A plaintiff uses property with due care when: 1) the condition of the property poses a danger to the general public when used in a reasonable and foreseeable manner; and 2) when the plaintiff's conduct is not "so unreasonable" that the property cannot reasonably be said to have caused the injury. Vincitore,

---

[1] N.J.S.A. 39:4-33 provides: "[a]t intersections where traffic is directed by a police officer or traffic signal, no pedestrian shall enter upon or cross the highway at a point other than a crosswalk. Pedestrians shall move, whenever practicable, upon the right half of crosswalks."

A-2466-20

169 N.J. at 126. The parties rely primarily on the New Jersey Supreme Court's ruling in Garrison.[2]

In Garrison, the New Jersey Supreme Court determined that a plaintiff who injured himself on a known declivity in a poorly lit and uneven railroad station parking lot while playing touch football acted without due care as a matter of law. Garrison, 154 N.J. at 293. The court emphasized that the TCA requires that a dangerous condition can only be found when a public entity's property is used with due care. Id. at 287. The court explained that "[t]he purpose of the evaluation is to ascertain whether the plaintiff had engaged in an activity that is so objectively unreasonable that liability for resulting injuries may not be attributed to the condition of the property." Id. at 292.

Here, plaintiff crossed Pacific Avenue outside of the crosswalk in a commercial district in Atlantic City. The fact that she was outside of the crosswalk does not preclude a finding of due care. A plaintiff was unaware of the existence of the defect, unlike the plaintiff in Garrison. The most important inquiry, however, is whether plaintiff's actions were reasonable from a

---

[2] The parties also cite to an unreported case of this court and an unreported case from the District of New Jersey. Rule 1:36-3 prohibits citation to "appellate opinions not approved for publication."

A-2466-20

community perspective. See id. at 291 ("A use that is not objectively reasonable from the community perspective is not one 'with due care.'").

Anyone who spends time in urban centers in the United States will observe individuals crossing the street outside of the designated crosswalk. Plaintiff did not cross in the middle of the block, but was instead seven to ten feet away from the crosswalk in a commercial district. Even though plaintiff was not supposed to cross in this manner, it is entirely possible that this practice is common enough to be reasonable from a community perspective. A jury should make that call.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2466-20