**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2605-24

TIMOTHY SCRUGGS,

     Plaintiff-Appellant,

v.

NJ TRANSIT CORPORATION
d/b/a NJ TRANSIT and ERIC
GONZALEZ,

     Defendants-Respondents.

_____

Submitted January 22, 2026 – Decided May 13, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2797-24.

Joseph P. Grimes, LLC, attorney for appellant (Patrick J. Grimes, on the brief).

Anderson Law Office, LLC, attorneys for respondents (Jessica M. Anderson and Samuel K. Weathers, on the brief).

PER CURIAM

Plaintiff Timothy Scruggs appeals from the trial court's March 14, 2025 order dismissing his complaint against defendants for failure to file a timely complaint under the New Jersey Tort Claims Act (TCA), specifically N.J.S.A. 59:8-8(b) and 59:8-9.

On appeal, plaintiff contends the court erred in not applying the doctrine of equitable tolling to permit the late complaint. However, the language of the TCA is clear and unforgiving that "in no event may any suit against a public entity or a public employee . . . be filed later than two years from the time of the accrual of the claim." N.J.S.A. 59:8-9 (emphasis added). We affirm.

I.

On August 5, 2022, plaintiff boarded a bus in Philadelphia owned by public entity NJ Transit Corporation (NJT) and operated by Eric Gonzalez, an NJT employee. Plaintiff alleges that as he walked down the aisle, the bus suddenly started moving forward, and he lost his balance and fell onto a broken bus seat and then the floor, sustaining injuries.

Two years later, on August 5, 2024, plaintiff filed a complaint in the Court of Common Pleas, in Philadelphia County, Pennsylvania, against defendants for damages incurred as a result of defendants' negligent actions. The Pennsylvania matter was still pending at the time of the briefing in this case.

2

On September 24, 2024, plaintiff filed a complaint in the Superior Court of New Jersey, alleging breach of express/implied warranty, violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -227, and negligence in failing to warn plaintiff of a dangerous condition.

Defendants moved to dismiss, arguing that plaintiff's claim was barred by the statute of limitations under N.J.S.A. 59:8-9 and N.J.S.A. 59:13-5(b) of the New Jersey Contractual Liability Act (CLA). The court denied the motion, finding the statute of limitations was equitably tolled by the prior filing in Pennsylvania.

Defendants moved for reconsideration, arguing that the trial court had mistakenly applied the equitable remedy. The court found that the TCA was to be strictly construed and there was no provision to permit equitable tolling. Therefore, plaintiff's complaint was untimely as it was not filed within two years after the cause of action accrued—the date of the accident. The court granted defendants' motion for reconsideration and dismissed the complaint.

II.

On appeal, plaintiff asserts the equitable tolling doctrine applies to these circumstances; the date of accrual of the action is not necessarily the date of the

A-2605-24

accident; and that defendants were not prejudiced by the late filing of the New Jersey complaint. We disagree.

We review a trial judge's decision to grant or deny a motion for reconsideration for an abuse of discretion, Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021), which occurs when "a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

In contrast, our review of rulings of law and issues regarding the applicability, validity or interpretation of laws, statutes, or rules is de novo. See Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019).

## A.

We turn first to the statutes of limitations that govern this action and then consider whether that limitations period may be tolled.

The TCA bars a claimant from recovering against a public entity or public employee if "[t]wo years have elapsed since the accrual of the claim." N.J.S.A. 59:8-8(b); see also McDade v. Siazon, 208 N.J. 463, 474 (2011) (finding the TCA is strictly construed to permit lawsuits only in circumstances expressly delineated by the statute). Similarly, the CLA precludes a claimant from

4

"forever" recovering against the State if "he fails to file suit within 2 years of accrual of his claims . . . ." N.J.S.A. 59:13-5(b).

A plain reading of the respective statutes confirms that the statutory language expressly precludes a claimant from asserting a cause of action more than two years after the claim accrues. See State v. D.A., 191 N.J. 158, 164 (2005) ("The best indicator of [the Legislature's intent] is the statutory language," thus "[i]f the plain language leads to a clear and unambiguous result, then the interpretive process should end, without resort to extrinsic sources.").

Plaintiff's claim accrued on August 5, 2022, the date of the accident. More than two years later, on September 24, 2024, plaintiff filed a complaint in New Jersey, after the statutes of limitations in both the TCA and CLA had elapsed. Therefore, plaintiff is barred from asserting any claim against defendants.

Plaintiff attempts to circumvent the plain statutory language by invoking the doctrine of equitable tolling, a remedy largely reserved for "very compelling circumstances, where the interest of justice, morality and common fairness dictate that course." Maltese v. Twp. of N. Brunswick, 353 N.J. Super. 226, 244-45 (App. Div. 2002). The argument is unavailing.

Equitable tolling is generally not "applied against the State to the same extent as against private parties." Mills v. State, Dept. of Treasury, 435 N.J.

A-2605-24

Super. 69, 78 (App. Div. 2014) (quoting O'Neill v. State Highway Dep't of N.J., 50 N.J. 307, 319 (1967)).  The United States Supreme Court has held that "limitations periods are 'customarily subject to equitable tolling,' unless tolling would be 'inconsistent with the text of the relevant statute.'"  Young v. U.S., 535 U.S. 43, 49 (2002) (citations and internal quotation marks omitted) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)).

Here, the language in the TCA is very clear in two different statutes that there is no recourse to apply the doctrine of equitable tolling.  N.J.S.A. 59:8-8(b) states:  "The claimant shall be forever barred from recovering against a public entity or public employee if: . . . b. Two years have elapsed since the accrual of the claim."  (Emphasis added).  N.J.S.A.  59:8-9 has equally strong language: "[I]n no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim."  (Emphasis added).

We must enforce the statutes in accordance with their terms.  The TCA's "guiding principle . . . is 'that immunity from tort liability is the general rule and liability is the exception.'"  D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 133-34 (2013) (internal quotation marks omitted) (quoting Coyne v. State Dep't of Transp., 182 N.J. 481, 488 (2005)).  The TCA is to be strictly construed.

Hawes v. N.J. Dep't of Transp., 232 N.J. Super. 160, 164 (Law Div. 1988), aff'd, 232 N.J. Super. 159 (App. Div. 1988). Equitable tolling is not available to actions instituted under the TCA as the Legislature's clear objective was to strictly enforce the limitations period.[1]

## B.

Plaintiff next contends that "[t]he date of the accident is not necessarily the date the [s]tatute of [l]imitations begins to run." He asserts his claim should not have accrued until he "knew or should have known he suffered a permanent loss of a bodily function."

"For purposes of the Tort Claims Act, the 'accrual' of a claim is 'defined in accordance with existing law in the private sector.'" H.C. Equities, LP v. Cnty. of Union, 247 N.J. 366, 382 (2021) (quoting Beauchamp v. Amedio, 164 N.J. 111, 116 (2000) (citing Harry A. Margolis & Robert Novack, Claims Against Public Entities, 1972 Task Force cmt. on N.J.S.A. 59:8-1)). "As we have observed, 'our law in the private sector' generally holds that a claim accrues on the date on which the underlying tortious act occurred." Ibid. (quoting Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 134 (2017) (citations omitted)).

---

[1] Plaintiff does not contend that the doctrine of substantial compliance is applicable here to permit the late filing of the complaint.

Plaintiff does not invoke the discovery rule nor any reason to stray from the well-established date of accrual as the date of the occurrence. Therefore, the trial court did not err in finding that the claim accrued on the day of plaintiff's accident.

C.

We lastly consider plaintiff's assertion that defendants were required to "demonstrate[] that [they] will be substantially prejudiced if plaintiff[] [is] allowed to file a late notice." The argument lacks merit. Plaintiff references unpublished case law relating to the filing of a notice of claim, not the filing of a complaint. See N.J.S.A. 59:8-9. The statutes and procedures regarding the filing of a notice of claim are not relevant to these circumstances. Moreover, we have found that even if proper notice has been given to a public entity, the failure to file a complaint within the two-year statute of limitations will defeat the claim. See Anaya v. Vernon Twp., 139 N.J. Super. 409, 412 (App. Div. 1976).

Plaintiff did not timely institute his suit against defendants. The court properly granted reconsideration of its prior order and dismissed the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hawley

Clerk of the Appellate Division

A-2605-24